IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF YONADAV HIRSHFELD, | ) |
| by and through its administrator, Michael Engelberg, | ) |
| ELISHEVA HIRSHFELD, individually. and as the | ) |
| natural guardian of minor plaintiffs | ) |
| E. S. H., | ) |
| E. H., | ) |
| and S. H., | ) |
| ZEMACH HIRSHFELD, individually, and as the | ) |
| natural guardian of minor plaintiffs | ) |
| E.S.H., | ) |
| E.H., | ) |
| and S.H., | ) |
| ELYAKIM HIRSHFELD, | ) |
| SHILO HIRSHFELD, | ) |
| ZIMRAT BRACHA (HIRSHFELD) ZUKERMAN, | ) |
| HAYA HAMITAL (HIRSHFELD) HACOHEN-NOVICK, | ) |
| YEDIDYA HIRSHFELD, | ) |
| HANA (HIRHSFELD) SHANDORFY, | ) |
| DAVID YINON HIRSHFELD, | ) |
| AVIYA (HIRSHFELD) FREEDMAN, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 2015-cv-_____ |
| | ) |
| THE ISLAMIC REPUBLIC OF IRAN | ) |
|     c/o Ministry of Foreign Affairs, | ) |
|     Khomeini Avenue | ) |
|     United Nations Street | ) |
|     Tehran, Iran | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

1. This action is brought pursuant to the Foreign Sovereign Immunities Act ("FSIA") 28 U.S.C. Section 1602 *et seq.* by the Estate, heirs, survivors, and immediate family members of

Yonadav Hirshfeld, a United States citizen, who was killed in a terrorist shooting materially supported and caused by defendant the Islamic Republic of Iran and its agents on March 6, 2008, while attending school at the Mercaz Harev Yeshiva in Jerusalem, Israel.  This terrorist attack (hereinafter "the terrorist shooting") came to be known as the Mercaz Harev massacre.

2.  Yonadav Hirshfeld, 18 years of age at the time, was one of eight unarmed students killed by gunshots fired by a terrorist operative, Alaa Abu Dhein, acting on behalf of the terrorist organization Hamas and defendant the Islamic Republic of Iran.  He killed eight young students and injured many others.

3.  This action seeks  damages directly and proximately caused by defendant The Islamic Republic of Iran ("Iran") and its agents and officials to plaintiffs, by reason of Iran's provision of material support and resources to Hamas, the terrorist organization which sponsored and has taken "credit" for the attack that killed Yonadav Hirshfeld.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over this matter and over Defendant pursuant to 28 U.S.C. Sections 1330-1332  and 1605A.

5. This District is the proper venue pursuant to 28 U.S.C. Section 1391(f)(4).

## THE PARTIES

6. Plaintiff Elisheva Hirshfeld is the mother of decedent Yonadav Hirshfeld.  She was at all relevant times and is still a United States citizen resident in Israel.  She brings this action in her own right and on behalf of three of her minor children.

7. Plaintiff Zemach Hirshfeld is the father of decedent Yonadav Hirshfeld. He was at all relevant times and still is a United States citizen resident in Israel. He brings this action in his own right and on behalf of three of his minor children.

8. Decedent Yonadav Hirshfeld was a United States citizen resident in Israel at the time of his death. He was studying the Torah in the Mercaz Harev Yeshiva in Jerusalem. He was an extremely bright and talented young man, well-liked by many friends, and deeply loved by all his family.

9. Plaintiffs Zimrat Bracha (Hirshfeld) Zukerman Haya Hamital (Hirshfeld) Hacohen - Novick, Yedidya Hirshfeld, Hana (Hirshfeld) Shandorfy, David Yinon Hirshfeld, Aviya (Hirshfeld) Freedman, Shalom Hirshfeld, Nehemiya Hirshfeld, Amiel Hirshfeld, E.S.H, E. H., and S.H. are brothers and sisters of Yonadav Hirshfeld, and are all United States citizens resident in Israel. Plaintiffs E.S.H., E.H., and S.H. are under eighteen at the time of the filing of this Complaint, and their father, plaintiff Zemach Hirshfeld, and mother, Elisheva Hirshfeld, bring this action on their behalf as natural guardians of their minor children.

10. Plaintiff Michael Engelberg is a resident of New York State and has been entrusted to be the personal representative of the Estate of Yonadav Hirshfeld, and his application for formal appointment as personal representative of the Estate is pending before the Probate Court of Suffolk County, New York.

11. Defendant the Islamic Republic of Iran ("Iran") is and at all times relevant hereto, was a foreign state within the meaning of 28 U.S.C. Section 1603. On January 19, 1984, it was designated as a state sponsor of terrorism pursuant to section 6(j) of the Export Administration Act of 1979 (50 U.S.C. section 2405(j)), section 620A of the Foreign Assistance Act of 1961 (22

3

U.S.C. section 2371) and section 40 of the Arms Export Control Act (22 U.S.C. section 2780). Iran has remained so designated continuously to the present. Iran provided material support and resources to Hamas for the commission of acts of extrajudicial killing, within the meaning of 28 U.S.C. Section 1605A, including the terrorist attack at issue here, and performed other acts that caused the terrorist attack and harm to the plaintiffs herein.

## FACTS

12.  The openly declared goal of Hamas is the creation of an Islamic state in the territory of Israel, the West Bank, and the Gaza Strip, and the murder and expulsion of Israel's Jewish residents. Hamas seeks to achieve this goal by carrying out terrorist attacks against residents of Israel.

13.  Hamas is listed by the United States Department of State as a Foreign Terrorist organization ("FTO").

14.  Hamas has been listed as an FTO since 1997 and was so listed at all times relevant to this litigation.

15.  Hamas is listed as a Specially Designated Global Terrorist ("SDGT") pursuant to Executive Order 13224.

16.  Hamas has been listed as an SDGT since October 31, 2001, and was so listed at all times relevant to this litigation.

17. This and other United States district courts have reached and published numerous decisions finding that Hamas was responsible for terrorist attacks in which United States citizens were killed and injured. This court has also held Iran directly responsible for such attacks by Hamas because of its provision of material support and resources to Hamas. E.g., *Stern v.*

*Islamic Republic of Iran*, 271 F. Supp. 2d 286 (D.D.C. 2003); *Weinstein v. Islamic Republic of Iran,* 184 F. Supp. 2d 13 (D.D.C. 2002).

18.  Between 1999 and March 6, 2008, the annual <u>Patterns of Global Terrorism Report</u> published by the United States Department of State consistently reported that Hamas was responsible for terrorist attacks in which United States citizens were killed or injured.

19. At all times relevant hereto, defendant Iran by and through its officials, agents, agencies, and employees, including without limitation its Ministry of Information and Security ("MOIS") and the Iranian Revolutionary Guard Corps ("IRGC"), knowingly funded and provided weapons and training in use of weapons and other substantial material support to Hamas for the execution of the terrorist attack on the Mercaz Harev Yeshiva on March 6, 2008.

20.  On March 6, 2008, an agent or operative of Hamas, Alaa Abu Dhein, arrived at the Mercaz Harev Yeshiva in Jerusalem, Israel, with an AK-47, also known as a Kalashnikov assault rifle.  He opened fire on unarmed Yeshiva students.

21.  Eight students were killed in the attack, including Yonadav Hirshfeld, and many more were injured.  Yonadav Hirshfeld was one of the first students shot, while he was standing outside the building.  After being shot, he fled inside and went down some stairs, but then collapsed.  By the time help reached him, he was dead.

22.  Hamas planned, made the preparations necessary for, and carried out the terrorist shooting.

23.  Iran and its agents, officials, and terrorist units provided material support to Hamas for the attack, including, without limitation,  planning, training, funding and organization.

24. Soon after the attack, the Reuters News Agency reported that an anonymous source placed responsibility for the attack on Hamas.

25. In response, a spokesman for Hamas stated that, unless a Hamas official signed a written statement claiming responsibility, no such responsibility could be ascribed "officially" to Hamas.

26. On December 10, 2010, Hamas published a "celebration" of its 23 years of existence and terrorism, entitled "The Path of Glory." In this publication, Hamas officially and formally listed the March 6, 2008 Mercaz Harev terrorist attack as one for which it claimed and accepted responsibility.

27. Since 1984 and until the present time, defendant Iran has continuously been designated by the United States Department of State as a state sponsor of terrorism pursuant to Section 6(j) of the Export Administration Act of 1979, 50 U.S.C. section 2405(j)).

28. Defendant Iran remains designated as a state sponsor of terrorism because it provides material support and resources to many terrorist organizations, including Hamas. The United States has repeatedly informed Iran that its provision of material support and resources to Hamas is a threat the United States and its citizens, many of whom have been murdered and harmed by acts of terrorism carried out by Hamas.

29. Pursuant to its policy of supporting militant Islamic groups, Iran sought out and developed a close relationship with Hamas, and entered into a mutually beneficial operational alliance. The joint goal of the alliance is Islamic revolution through jihad, or violent and unrelenting struggle against Israel and the West.

30. Relations between Iran and Hamas were formalized in 1988, when Iran agreed to Hamas' request to send a delegation to Iran and to establish an official representation in that country. Iranian-trained Hamas members also served as liaison officers between Iran and Hamas. Iran has provided extensive terrorist training to hundreds of Hamas operatives, through Iran's Ministry of Information and Security ("MOIS"), through the Iranian Revolutionary Guard Corps ("IRGC"), and through its other agents, operatives, and affiliated organizations such as Hezbollah, in Iran and in Lebanon.

31. During the period relevant hereto, including the several year period immediately preceding the terrorist attack, defendant Iran, through its officials, agents, and operatives, provided Hamas with massive financial support with the specific intention of causing and facilitating the commission of acts of extrajudicial killing and international terrorism including the terrorist attack at issue here. Such financial support was provided continuously, routinely, and in furtherance of and as an implementation of a specific policy and practice established and maintained by Iran, in order to assist Hamas to achieve goals shared by Iran. These goals included terrorizing the Jewish population of Israel, and weakening Israel's economy, military strength and readiness.

32. Iran gave substantial aid, assistance, and encouragement to Hamas, and provided massive financial support to Hamas, and thereby aided Hamas and abetted Hamas, with the specific intention of causing and facilitating the commission of acts of extrajudicial killing and international terrorism including the terrorist attack at issue here. Iran did so with actual knowledge that Hamas had killed and injured numerous U.S. citizens in terrorist attacks and that more U.S. citizens and other innocent individuals would continue to be killed in such attacks.

FIRST CAUSE OF ACTION

ON BEHALF OF ALL PLAINTIFFS AGAINST DEFENDANT IRAN

**Action for Damages Under 28 U.S.C. Section 1605A**

33. The preceding paragraphs are incorporated by reference as though fully set forth herein.

34. Iran is a foreign state that has since 1984 continuously been designated as a sponsor of terrorism within the meaning 28 U.S.C. section 1605A.

35. Iran provided material support and resources to Hamas, within the meaning of section 1605A, which caused and facilitated the terrorist shooting at Mercaz Harev.

36. The terrorist shooting was an extrajudicial killing within the meaning of Section 1605A.

37. Decedent Yonadav Hirshfeld was killed in the attack, and plaintiffs his mother, father, and siblings, all suffered severe harm, including loss of guidance and companionship and society, loss of consortium, severe emotional distress and mental anguish, solatium, and pecuniary loss and loss of income. In addition his estate is entitled to survival damages for his pain and suffering after being shot but before he died, and also for loss of income and pecuniary damages for his wrongful death.

38. The conduct of Iran was criminal in nature, outrageous, extreme, wanton, willful, malicious, and constitutes a threat to the public warranting an award of punitive damages under 28 U.S.C. Section 1605A(c).

39. Iran is therefore liable for the full amount of plaintiffs' damages and for punitive damages under 28 U.S.C. 1605A(c).

SECOND CAUSE OF ACTION

ON BEHALF OF ALL PLAINTIFFS AGAINST DEFENDANT IRAN

**Wrongful Death Under 28 U.S.C. Section 1605A and State Law**

40. The preceding paragraphs are incorporated by reference as though fully set forth herein.

41. Defendant Iran, through its terror cells, agents, agencies, and employees, willfully and deliberately authorized, organized, planned, aided, abetted, induced, conspired to commit, provided material support for and executed the terrorist attack described above, resulting in the unlawful killing of Yonadav Hirshfeld.

42. Iran's acts constituted a breach of legal duties to desist from committing or aiding and abetting, authorizing, encouraging or conspiring to commit acts of international terrorism and extrajudicial killing, and to refrain from intentionally, wantonly, or negligently authorizing or causing the infliction of death.

43. Iran's acts were willful, malicious, intentional, unlawful, and/or negligent, and were the proximate cause of the death of Yonadav Hirshfeld, who was eighteen years old, healthy, and looking forward to his entire adult life.

44. Plaintiff the Estate of Yonadav Hirshfeld, plaintiffs his parents Elisheva and Zemach Hirshfeld, and all other plaintiffs--who are his brothers and sisters--are entitled under applicable law to damages for his wrongful death.

## THIRD CAUSE OF ACTION

## ON BEHALF OF ALL PLAINTIFFS AGAINST DEFENDANT IRAN

**Loss of Consortium Under 28 U.S.C. Section 1605A and State Law**

45. The preceding paragraphs are incorporated by reference as though fully set forth herein.

46. As a result and by reason of the death of Yonadav Hirshfeld caused by the acts of Defendants, his parents plaintiffs Elisheva and Zemach Hirshfeld, and his siblings plaintiffs Zimrat Bracha (Hirshfeld) Zukerman, Haya Hamital (Hirshfeld) Hacohen -Novick, Yedidya Hirshfeld, Hana (Hirshfeld) Shandorfy, David Yinon Hirshfeld, Aviya (Hirshfeld) Freedman, Shalom Hirshfeld, Nehemiya Hirshfeld, Amil Hirshfeld, E. S. H., E.H., and S.H. were deprived of the services, society, and consortium of Yonadav Hirshfeld, and have suffered and will continue to suffer severe mental anguish, bereavement, grief, and injury to their feelings.

47. Defendant is therefore fully liable for plaintiffs' damages, in such amounts as will be determined at trial.

48. Defendants' conduct was outrageous in the extreme, wanton, willful, and malicious, and constitutes a threat to the public at large warranting an award of punitive damages.

## FOURTH CAUSE OF ACTION

## ON BEHALF OF ALL PLAINTIFFS AGAINST DEFENDANT IRAN

**Intentional Infliction of Emotional Distress and Solatium Under 28 U.S.C. Section 1605A and State Law**

49. The preceding paragraphs are incorporated by reference as though fully set forth herein.

50. Defendant's conduct was willful, wanton, malicious, and deliberately dangerous to human life, and constituted a violation of applicable criminal law and all international standards of civilized conduct and decency. Defendant's' acts were specifically directed at Jews and were crimes against humanity.

51. Defendant's conduct was intended to and did in fact terrorize plaintiffs and cause them profound emotional distress.

52. Defendant is therefore liable to all plaintiffs for intentional infliction of emotional distress in an amount to be determined at trial..

53. Defendant's' conduct was outrageous, wanton, willful and malicious and constitutes a a threat to public safety warranting an award of punitive damages.

FIFTH CAUSE OF ACTION

ON BEHALF OF THE ESTATE OF YONADEV HIRSHFELD AGAINST IRAN

**Action for Survival Damages Under 28 U.S.C. 1605A and State Law**

54. The preceding paragraphs are incorporated by reference as though fully set forth herein.

55. After being shot and before his death, Yonadav Hirshfeld suffered extreme bodily pain and mental anguish entitling his Estate to compensatory damages.

56. Defendant is therefore liable to the Estate of Yonadav Hirshfeld for damages in an amount to be determined at trial.

57. Defendant's' conduct was outrageous, wanton, willful and malicious and constitutes a

a threat to public safety warranting an award of punitive damages.

WHEREFORE,

Plaintiffs demand judgment against defendant the Islamic Republic of Iran as to each of the counts and causes of action enumerated above, as follows:

A. Compensatory damages in an amount to be determined at trial, but no less than $100,000,000 (One Hundred Million Dollars);

B. Punitive damages;

C. Reasonable costs and expenses of this action;

D. Such further relief as the Court deems just, proper, and equitable.

Respectfully submitted,

/s/__Paul G Gaston_____
Paul G. Gaston, DC Bar #290833
LAW OFFICES PAUL G. GASTON
1901 Pennsylvania Avenue, NW, Suite 607
Washington DC 20006
202-296-5856
paul@gastonlawoffice.com