UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ESTATE OF YONADAV HIRSHFELD, *et al*,

    Plaintiffs,

    v.

ISLAMIC REPUBLIC OF IRAN,

    Defendant.

Civil Action No. 15-1082 (CKK)

**MEMORANDUM OPINION AND ORDER**
(January 25, 2017)

Plaintiffs, the Estate, heirs, survivors, and immediate family members of Yonadav Hirshfeld, bring this action pursuant to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602, *et seq.*, alleging that Defendant Islamic Republic of Iran and its agents materially supported and caused the terrorist shooting that resulted in Mr. Hirshfeld's death. Presently before the Court is Plaintiffs' [17] Motion for Order Accepting Effectiveness of Service on Defendant Islamic Republic of Iran, seeking an order holding that the requirements for service under the FSIA have been satisfied in this action. For the reasons described herein, the Court finds that Plaintiffs failed to properly serve Defendant and, as such, shall deny the motion without prejudice.

The FSIA provides the requirements for service on a foreign state or its political subdivisions. 28 U.S.C. § 1608(a); Fed. R. Civ. P. 4(j)(1). Pursuant to the FSIA, there are four methods of service which are set forth in descending order of preference. First, service may be effected "by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision." 18 U.S.C. § 1608(a)(1). Second, service may be accomplished "by delivery of a copy of the summons

1

and complaint in accordance with an applicable international convention on service of judicial documents." *Id.* § 1608(a)(2). Third, if service cannot be made by the first two methods, service may be accomplished

> by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned.

*Id.* § 1608(a)(3). Fourth, if service cannot be made pursuant to the other three methods, service can be effectuated through the Secretary of State. *Id.* § 1608(a)(4).

Plaintiffs initiated this action on July 10, 2015, through the filing of their Complaint. *See* Compl., ECF No. [1]. On December 8, 2015, Plaintiffs filed their Amended Complaint and a request that the Clerk's Office take the steps necessary to effectuate service pursuant to 28 U.S.C. § 1608(a)(4). *See* Am. Compl., ECF No [7]; Pls.' Letter, ECF No. [8]. On December 14, 2015, the Clerk of the Court issued a Certificate of Mailing, indicating that two copies of the summons, Amended Complaint, and notice of suit, along with a translation, were sent by certified mail to the U.S. Department of State pursuant to 28 U.S.C. § 1608(a)(4). Cert. of Mailing, ECF No. [10]. On March 13, 2016, the Clerk of the Court entered on the docket a letter from the U.S. Department of State as well as a diplomatic note, indicating that the documents were delivered to the Iranian Ministry of Foreign Affairs on January 31, 2016.[1] Return of Service, ECF No. [11]. On April 8, 2016, Plaintiffs filed an Affidavit Requesting Foreign Mailing pursuant to 28 U.S.C. § 1608(a)(3). On April 14, 2016, the Clerk of the Court filed a Certificate of Mailing, indicating that one copy of the summons, complaint, and notice of suit, along with a translation, was sent by registered mail to the head of the ministry of foreign affairs pursuant to 28 U.S.C. § 1608(a)(3), on April 12, 2016.

---

[1] A second letter containing substantially the same information was posted on the docket on March 23, 2016. *See* Return of Service, ECF No. [12].

2

Cert. of Mailing, ECF No. [16].  In sum, Plaintiffs completed the steps to serve a foreign state pursuant to 28 U.S.C. § 1608(a)(4), and subsequently completed the steps to serve a foreign state pursuant to § 1608(a)(3).  Plaintiffs now seek for the Court to issue an order declaring that service was effective.

"When serving a foreign sovereign, 'strict adherence to the terms of 1608(a) is required.'" *Barot v. Embassy of Zambia*, 785 F.3d 26, 27 (D.C. Cir. 2015) (quoting *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 30 F.3d 148, 154 (D.C. Cir. 1994)).  The clear language of the statute provides that service may be accomplished pursuant to § 1608(a)(3) only if service cannot be made pursuant to subsections (a)(1) and (a)(2).  Further, the statute indicates that service may be made pursuant to § 1608(a)(4), "if service cannot be made within 30 days under paragraph (3)."  Here, the record reflects that Plaintiffs attempted service pursuant to § 1608(a)(4) through a mailing delivered on January 31, 2016, and then attempted service pursuant to § 1608(a)(3) through a mailing on April 12, 2016.  As such, Plaintiffs have failed to demonstrate "strict adherence" to the terms of § 1608(a) because they failed to attempt to serve Defendant pursuant to the sequence required for service under the statute.

Plaintiffs note that they attempted service pursuant to § 1608(a)(4) without first attempting service pursuant to § 1608(a)(3) based on language found in the 2014 version of U.S. District Court for the District of Columbia's *Attorney Manual for Service of Process on a Foreign Defendant* ("Attorney Manual").  In relevant part, the Attorney Manual notes that Iran has not objected to service by mail but many attempts to serve by mail or courier are unsuccessful. As such, the Attorney Manual states, "it is okay for an attorney to request service directly through diplomatic channels (28 U.S.C. § 1608(a)(4)) without attempting service under any other

3

provisions first."[2]  Att'y Manual § I(B)(11)(f).  As Plaintiffs note, District Judge Royce C. Lamberth recently rejected the argument that language in the Attorney Manual permits a plaintiff to attempt service pursuant to § 1608(a)(4), without first attempting service pursuant to subsection (a)(3).  In reaching this decision, Judge Lamberth explained that the Attorney Manual "only speak[s] of § 1608(a)(3) as a bureaucratic prerequisite to *requesting* service through diplomatic means from the Clerk's Office and State Department," and noted the Attorney Manual had "no bearing on this proceeding or this Court."  *Relvas v. Islamic Republic of Iran*, No. 14-cv-01752-RCL (D.D.C. Feb. 18, 2016) (Mem. & Order) at 3, ECF No. [32].  Rather, Judge Lamberth explained: "The exclusive manner to demonstrate that service cannot be effected within thirty days under § 1608(a)(3) is to attempt such service."  *Id.*  Plaintiffs argue that *Relvas* is distinguishable because the plaintiffs in that case never attempted service under § 1608(a)(3).

Here, Plaintiffs argue that they have now attempted service both under § 1608(a)(3) and (a)(4) and, as such, the Court should find that they substantially complied with the requirements of the statute.  Plaintiffs recognize that the U.S. Court of Appeals for the District of Columbia Circuit in *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 30 F.3d 148 (D.C. Cir. 1994), noted that "strict adherence" to § 1608(a) is required.  *Id.* at 154.  However, Plaintiffs seek to distinguish the instant action by noting that *Transaero* concerned a plaintiff's improper service of a foreign state under § 1608(b), rather than under § 1608(a) as was required.  Rather, Plaintiffs argue that the Court should review service of process in this case to determine whether Plaintiffs "substantially complied" with the requirements of § 1608(a).  In support of this contention, Plaintiffs cite

---

[2] The Court notes that the Attorney Manual was revised in March 2016, but still includes the language relied on by Plaintiffs.  *Att'y Manual*, D.D.C., http://www.dcd.uscourts.gov/sites/dcd/files/AttyForeignMlg2016wAttach.pdf (last visited Jan. 25, 2017).

*Marlowe v. Argentine Naval Commission*, 604 F. Supp. 703 (D.D.C. 1985), in which a district court found that the plaintiff substantially complied with a contract provision that provided a special arrangement for service pursuant to § 1608(a)(1) when the plaintiff sent the notice to a somewhat different address and, notably, the defendant did not dispute that it received the notice of the suit. *Id.* at 708. Plaintiffs argue that the Court should import the "substantial compliance" standard to this action and find that they have met the requirements of § 1608(a). Specifically, Plaintiffs note that while they attempted to effectuate service under § 1608(a)(3) after § 1608(a)(4), the requisite 30 days has passed since they attempted service under (a)(3) and it is now clear that this attempt was futile. However, the Court rejects this argument in light of the plain language of the statute. The statute provides that service pursuant to § 1608(a)(4) is permissible only if service cannot be made within 30 days under subsection (a)(3). Indeed, the statutory scheme clearly contemplates steps that must be taken in a particular sequence in order to properly effectuate service. Plaintiffs in this case do not dispute that they attempted service pursuant to § 1608(a)(3) only after attempting service pursuant to § 1608(a)(4). As such, the Court shall deny Plaintiffs' request that the Court issue an order accepting service as effective in this case.

Accordingly, it is this 25th day of January, 2017, hereby

**ORDERED** that Plaintiffs' [17] Motion for Order Accepting Effectiveness of Service on Defendant Islamic Republic of Iran is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that, to the extent Plaintiffs seek to pursue their claims, they shall effectuate service on Defendant pursuant to 28 U.S.C. § 1608(a).

**SO ORDERED.**

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge