UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

------------------------------------------------------x
ESTATE OF YONADAV HIRSHFELD,   :
   et al.,   :
                       Plaintiffs,   :
                              :
               v.   :   Case No. 15-1082 (CKK)
                              :
ISLAMIC REPUBLIC OF IRAN,   :
                              :
                     Defendant.   :
------------------------------------------------------x

**PLAINTIFFS' RESPONSE TO COURT ORDER OF AUGUST 15, 2017
<u>CONCERNING EFFECTIVENESS OF SERVICE</u>**

      Plaintiffs file this Brief in response to the Court's Order of August 15, 2017, requiring them to explain their basis for believing that service has been successfully accomplished on defendant the Islamic Republic of Iran, with particular reference to the requirements of 28 U.S.C. Section 1608(a).  As shown below, Plaintiffs have fulfilled all the requirements for service under 28 U.S.C. Section 1608(a).

      In short summary, Section 1608(a) provides that service on a foreign state such as defendant the Islamic Republic of Iran can be made by four alternative methods as outlined in paragraphs (1) through (4).  Paragraphs (1) and (2) are not applicable here, as no "special arrangement for service between plaintiff and the foreign state" exists; and Iran is not a signatory to "any applicable international convention on service of judicial documents…."[1]  Paragraph (3) does apply however, and has been complied with.  Service was attempted under its provisions, as

---

[1] This Court has repeatedly so held.  E.g., *Braun v. Islamic Republic of Iran*, CA No.15-cv-1136 (BAH)(D.D.C. Jan. 9, 2017) Memo. Opinion at 15 ("Defendants have neither made a special arrangement for service with the plaintiffs nor entered into any international convention governing service….")

1

the Court recognized and recited in its Order of August 15, referring to docket entries 14 (request for foreign mailing, April 8, 2016) and 16 (certificate of mailing, April 14. 2016).  However, service under this method failed, as evidenced by the fact that no receipt or certification of delivery was received within 30 days of mailing.  Further, the certified mail package containing the service papers was in fact returned to the Court as undeliverable on September 8, 2016.  Docket # 18.  Paragraph (4) of Section 1608(a), however, providing for diplomatic service, expressly addresses this eventuality: "If service cannot be made within 30 days under paragraph (3)" it can be made "through diplomatic channels."  Service "through diplomatic channels" under Paragraph (4)  was successfully accomplished on April 4, 2017, as certified to the Court by a letter of May 4, 2017, from the United States Department of State.  Docket # 23.

Section 1608(c) provides that "service shall be deemed to have been made—(1) in the case of  service under subsection (a)(4), as of the date of the transmittal indicated in the certified copy of the diplomatic note."  Here,  the certified copy of the diplomatic note indicated that the date of transmittal was April 4, 2017, which became the operative debt initiating Iran's 60-day period for filing an answer or other responsive pleading under 28 U.S.C. Section 1608 (d).

Nothing more is required to perfect service on Iran, and this Court has so held numerous times in identical circumstances.

    **I.**    **Diplomatic Service Is Authorized Where Service Under Paragraphs (a)(1) and (a)(2) Is Unavailable and Service Under Paragraph (a)(3) Has Failed.**

This Court has repeatedly recognized that service under paragraphs (a)(1) and (a)(2) of Section 1608 is unavailable against the Islamic Republic of Iran.  As recently as June 2017, this Court repeated its oft-stated finding that sub-paragraphs (1) and (2) are inapplicable: "The Court is not aware of any special arrangement for service between these parties and no international convention on service applies." *Shoham v. Islamic Republic of Iran*, (D.D.C. June 1, 2017), No.

12-cv-508 (RCL), at 28.  Accord, *Braun v. Islamic Republic of Iran*, no.15-cv-1136 (BAH)(D.D.C. Jan. 9, 2017) Memo. Opinion at 15 ("Defendants have neither made a special arrangement for service with the plaintiffs nor entered into any international convention governing service….").

In suits against Iran, since subsections (a)(1) and (a)(2) are inapplicable, plaintiffs are obligated to attempt service under subsection (3).  Paragraph (3) of Section 1608(a) provides for the alternative of service by mail requiring a signed receipt as follows:

> [I]f service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the Court to the head of the ministry of foreign affairs of the foreign state concerned.

28. U.S.C. Section 1608(a)(3).

Plaintiffs herein followed this procedure.  On April 8, 2016 they filed an Affidavit requesting Foreign Mailing (Docket #13) as well as a request for the Clerk to effect service of one copy of the summons, amended complaint, and notice of suit, along with translations of each into the official language of the foreign state (Docket #14).  On April 14, 2016, the Clerk's office issued a "certificate of mailing" indicating that one copy of the summons, amended complaint, and notice of suit with translations had been mailed to the head of the Ministry of Foreign Affairs, by registered mail, return receipt requested.  (Docket # 16).[2]  Over thirty days passed, and on September 8, 2016, the same package was returned to the Court as undeliverable.  Docket 18.  Thus, at this point, Plaintiffs had exhausted all possible methods of service listed in the first three paragraphs of Section 1608 (a).

---

[2] Although the Clerk's Docket Entries refer to the "complaint" as being mailed, in fact it was the Amended Complaint filed 12//8/2015 that was enclosed and translated and accurately referenced and enclosed with all of plaintiffs' correspondence to the Clerk regarding the request for service.

3

It is precisely this situation that raises the possibility of "diplomatic service" under paragraph (4).  Therefore,  Plaintiffs sought "diplomatic service" as authorized by subsection (a)(4):

> If service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular services—and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

28 U.S.C. Section 1608(a)(4).

On February 7, 2017, plaintiffs filed an Affidavit requesting Foreign Mailing and a request for the Clerk to effect service pursuant to 28 U.S.C. Section 1608(a)(4).  Docket ## 20, 21.  The Clerk's office issued a certificate of mailing indicating that the two copies of the summons, complaint, notice of suit and translations thereof were mailed by certified mail, return receipt requested, to the U.S. Department of State.  Docket # 22. This step was precisely what is contemplated in 28 U.S.C. Section 1608(a)(4).  The attempted mailing under subsection (3) had been over thirty days prior—it had been made on April 14, 2016.  Moreover, it was shown to be unsuccessful, as it was returned as undelivered and received back in the clerk's office on September 8, 2016.  Although plaintiffs could have asked for diplomatic service at any point after 30 days had elapsed from the original mailing on April 14, 2016, they had a motion pending to approve service out of sequence, a motion that was denied by the Court without prejudice on January 25, 2017.  Docket # 19.  On February 7, 2017, just two weeks after denial of their motion, plaintiffs asked for diplomatic service under subsection (4), having already attempted service under subsection (3) the year before.  The sequence was now proper, and the basis for denial of the motion was cured.

4

In the meantime, the Court issued an Order on 4/26/2017, requiring plaintiffs, on or before May 15, 2017, to "cause process to be served and proof of service to be filed with the Court, or file a status report with the Court explaining what efforts have been made to perfect service on Defendant." Prior to the response date for the Order, May 15, the State Department certified to the Court by letter of May 4, 2017, that diplomatic service pursuant to 28 U.S.C. Section 1608(a)(4) had been accomplished. That letter and enclosed documents certifying the delivery through diplomatic channels were entered on the Court's docket on May 8, 2017, prior to the return date for plaintiffs to respond to the Court's Order of April 26, making plaintiffs believe that further response or a status report was unnecessary, as the State Department certification of diplomatic service perfected service under 28 U.S.C. Section 1608(a)(4). Accordingly, plaintiffs filed an Affidavit for Default, and the Clerk entered a Default.

**II.      The U.S. Department of State Certification of Delivery through Diplomatic Channels as filed with the Court on May 7, 2017, Perfected Service Under 28 U.S.C. Section 1608(a)(4).**

Paragraph (4) of Section 1608(a), as cited and quoted above, provides for service through diplomatic channels where other means of service are unavailable or have failed. In this case, plaintiffs requested the clerk of the court to make the required transmission to the Director of Special Consular Services on February 7, 2017, and the clerk certified that she had done so on the same day. Docket ## 20 and 22.

Further, the Director of Special Consular Services (or, in this case, a State Department attorney adviser acting on his behalf) subsequently certified to the Court that the required papers were "delivered" on April 4, 2017:

> I am writing regarding the Court's request for transmittal of a summons, amended complaint, and notice of suit to the Islamic Republic of Iran pursuant to 28 U.S.C. Section 1608(a)(4) as a defendant in the above referenced lawsuit.

5

>Because the United States does not maintain diplomatic relations with the government of Iran, the Department of State is assisted by the Foreign Interests Section of the Embassy of Switzerland in Tehran in delivering these documents to the Iranian Ministry of Foreign Affairs under cover of diplomatic note No. 1037-IE dated April 4, 2017, and delivered on April 4, 2017. A certified copy of the diplomatic note is enclosed.

Letter of May 4, 2017, by Jared Hess, Attorney Adviser, Overseas Citizens Services, Office of Legal Affairs. Docket # 23 at 1.

The Diplomatic Note transmitted to Iran, which is attached to the State Department letter filed with the Court, expressly states that—

>The U.S. Federal District Court has requested transmittal of these documents. This Note constitutes transmittal of these documents to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608(a)(4).

Docket # 23 at 6.

Pursuant to 28 U.S.C. Section 1608 (c) this perfects service. Section 1608(c) expressly provides that "Service shall be deemed to have been made …(1) in the case of service under subsection (a)(4) as of the date of <u>transmittal</u> indicated in the certified copy of the diplomatic note." (Emphasis added). Here, as certified to the Court, the date of transmittal was April 4, 2017. Plaintiffs waited more than 60 days after that date (the response time for foreign states under 28 U.S.C. Section 1608(d) of the FSIA), and, there being no response within that time, filed an Affidavit for Default on June 7, 2017. Docket # 24. On June 9, 2017, the Clerk of the Court entered a default against defendant Iran. Docket # 25.

The Court's Order of August 15, 2019, recited that "the Consular Officer from the foreign interests section of the Embassy of Switzerland noted that the documents were transmitted together with a diplomatic note on April 4, 2017; however '[t]he reception of the mentioned documents was refused the same day by the Iranian Ministry of Foreign Affairs. See 23 at 8."

The mere fact that the Iranian Ministry of Foreign Affairs "refused" reception of the papers that had already been "transmitted," does not alter the effectiveness of service. Under Section 1608(c), the service is effective once it is "transmitted," and here the foreign interests section of the Swiss Embassy certified that the required papers were "transmitted," and the United States Department of State certified that they were "delivered," as quoted above.

It is not surprising that Iran, which has hundreds of billions of dollars of compensatory and punitive judgments entered against it in United States courts already, because of its sponsorship and support of terrorist attacks, seeks to avoid appearing to "accept" service, whether diplomatic or otherwise, by "refusing reception" of documents it knows or suspects to be related to additional new lawsuits. However, Iran's "reception" or "acceptance" of the documents is immaterial. Under 28 U.S.C. Section 1608(c), service through diplomatic channels is effective once it has been "transmitted," as certified here.

Iran's practice of "refusing reception" or otherwise attempting to avoid acceptance of service is long standing. The United States Department of State is on record as expressing its view that service is effective nonetheless, for the precise reason described hereinabove:

> While the Iranian Ministry of Foreign Affairs returned the service documents to the Embassy of Switzerland, 28 U.S.C. 1608(c)(1) provides that service shall be deemed effective as of the date of transmittal indicated in the certified copy of the diplomatic note. <u>We see no reason that the return of these documents should invalidate effectiveness of service under 28 U.S.C. 1608(a)(4).</u>

Letter of March 2, 2007, by William P. Fritzlen, Attorney Adviser, Office of Policy Review and Interagency Liaison, filed in *Welch v. Islamic Republic of Iran*, Civil Action No. 01-863 (CKK-AK), Document 67, attached as **Exhibit A** hereto (emphasis added).

Moreover, the same language stating that "the reception of the mentioned documents was refused the same day" is present in many (if not all) recent cases where this Court nonetheless

7

approved service.  E.g.,  *Gill v. Islamic Republic of Iran*, Case No. 15-cv-2272 (RBW) (D.D.C. March 31, 2017) at 16 ("plaintiff properly made effective service through diplomatic channels"); *Braun v. Islamic Republic of Iran,* No. 15-cv-1136 (BAH) at 15 ( service "under cover of diplomatic notes" properly effected);  <u>see</u> **Exhibits B and C** excerpting identical language from diplomatic notes evidencing service in those cases.

Accordingly, as this Court has repeatedly held since at least 2007, diplomatic service under 28 U.S.C. Section 1608(a)(4) is effective once the relevant documents, copies, and translations are "transmitted," regardless of Iran's attempts to evade acceptance.

<u>CONCLUSION</u>

For all the reasons stated, the Court should recognize and approve the effectiveness of service on defendant Iran through diplomatic channels under 28 U.S.C. Section 1608(a)(4).

Respectfully submitted,

/s/   Paul G Gaston
Paul G. Gaston, DC Bar #290833
LAW OFFICES PAUL G. GASTON
1901 Pennsylvania Avenue, NW, Suite 607
Washington DC 20006
202-296-5856
*paul@gastonlawoffice.com*