# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |
|---|
| ESTATE OF YONADAV HIRSHFELD, et al., <br>    Plaintiffs <br> v. <br> ISLAMIC REPUBLIC OF IRAN, <br>    Defendant |

Civil Action No. 15-1082 (CKK)

**MEMORANDUM OPINION AND ORDER**
(October 10, 2017)

    Plaintiffs are the Estate, heirs, survivors, and immediate family members of Yonadav Hirshfeld who bring this case under the Foreign Services Immunities Act ("FSIA"), 28 U.S.C. § *et seq.*, against Defendant Islamic Republic of Iran ("Iran"). Am. Compl. ¶ 1, ECF No. 7. Plaintiffs allege that Iran and its agents materially supported and caused the death of Mr. Hirshfeld in a terrorist shooting on March 6, 2008, while he was attending school at the Mercaz Harav Yeshiva in Jerusalem, Israel. *Id.* Presently before the Court is Plaintiffs' Response to this Court's Order of August 15, 2017 concerning Effectiveness of Service, ECF No. 26 (Pls.' Mot.), which requests that service on Defendant, the Islamic Republic of Iran, be deemed effective. This motion is uncontested as Iran has failed to appear in this action to contest service, or otherwise, despite Plaintiffs' efforts to serve Defendant as mandated by the Court's January 25, 2017 Order, ECF No. 19.

    The FSIA instructs plaintiffs seeking relief under the statute to effectuate service upon a foreign state or its political subdivision using one of four methods, set forth in descending order of preference. 28 U.S.C. § 1608(a); Fed. R. Civ. P. 4(j)(1). First, plaintiff may effect service "by

delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision." 28 U.S.C. § 1608(a)(1). Second, "if no special arrangement exists," service may be accomplished "by delivery of a copy of the summons and complaint in accordance with an applicable convention on service of judicial documents." 28 U.S.C. § 1608(a)(2). Third, "if service cannot be made under paragraphs (1) or (2)," plaintiff may:

> [send] a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned.

28 U.S.C. § 1608(a)(3). Fourth, if service cannot be made "within 30 days" of the third method, service can be effectuated through the Department of State, which transmits the summons and complaint to the foreign state via diplomatic channels. 28 U.S.C. § 1608(a)(4).

On December 8, 2015, Plaintiffs contacted the Clerk of Court requesting that service of process be effected on Iran pursuant to section 1608(a)(4). They represented that service was not feasible pursuant to sections 1608(a)(1) and (a)(2), as there is no special arrangement for service between the United States and Iran, nor is service permitted on Iran pursuant to any applicable convention on service of documents. Pls.' Letter, ECF No. 8. On December 14, 2015, the Clerk of the Court issued a Certificate of Mailing, indicating that two copies of the summons, Amended Complaint, and notice of suit, along with a translation, were sent by certified mail to the U.S. Department of State pursuant to 28 U.S.C. § 1608(a)(4). Cert. of Mailing, ECF No. 10. The Clerk of the Court entered on the docket a letter from the U.S. Department of State and a diplomatic note, indicating that the documents were delivered to the Iranian Ministry of Foreign Affairs on January 31, 2016. Return of Service, ECF No. 11. On April 8, 2016, Plaintiffs filed an Affidavit Requesting Foreign Mailing pursuant to 28 U.S.C. § 1608(a)(3). On April 14, 2016, the Clerk of

2

the Court filed a Certificate of Mailing, indicating that one copy of the summons, complaint, and notice of suit, along with a translation, was sent by registered mail to the head to the ministry of foreign affairs pursuant to 28 U.S.C. § 1608(a)(3), on April 12, 2016. Certificate of Mailing, ECF No. 16.

On May 27, 2016, Plaintiffs sought for the Court to issue an order declaring that service was effective. Pls.' Mot. for Order Declaring Effectiveness of Service, ECF No. 17. On January 25, 2017, the Court denied Plaintiffs' motion without prejudice, determining that service could be attempted under section 1608(a)(4) only after plaintiffs attempt and fail to effect service within 30 days under 1608(a)(3). *See Estate of Hirshfeld v. Islamic Republic of Iran*, 235 F. Supp. 3d 45, 47 (D.D.C. 2017). The Court determined that because Plaintiffs had not attempted service in the sequence required under the clear language of the statute, they had failed to demonstrate "strict adherence" to the terms of section 1608(a), as this Circuit has interpreted is required. *See Barot v. Embassy of Zambia*, 785 F.3d 26, 27 (D.C. Cir. 2015) ("When serving a foreign sovereign, 'strict adherence to the terms of 1608(a) is required.'") (quoting *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 30 F.3d 148, 154 (D.C. Cir. 1994)). The Court declined to accept Plaintiffs' argument that they had "substantially complied" with the requirements of the statute, and found that the plain language of the statute controlled. *Estate of Hirshfeld*, 235 F. Supp. 3d at 48. The Court then directed Plaintiffs to effectuate service on Defendant pursuant to 28 U.S.C. § 1608(a), to the extent Plaintiffs sought to pursue their claims. On August 15, 2017, the Court entered an Order mandating that Plaintiffs "file on or before September 11, 2017, a brief indicating the factual and legal basis for their belief that service on Defendant has been successfully accomplished" and that it "specifically address each of the subsections of 28 U.S.C. § 1608(a)." Minute Order, ECF No. 25.

On September 11, 2017, Plaintiffs timely filed the [26] Status Report Responding to the Court Order of August 15, 2017, asserting that service on Iran had been perfected. In this instance, the Court agrees that Plaintiffs cured the sequential defect described above, and have perfected service on Iran. As an initial matter, "no special arrangements for service exist between Iran and the plaintiffs, nor is Iran a party to any applicable international convention on service of judicial documents." *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 70 (D.D.C. 2010); *see also Bluth v. Islamic Republic of Iran*, 203 F. Supp. 3d 1, 18 (D.D.C. 2016) (same). Accordingly, Plaintiffs were permitted to attempt to serve Iran by mail pursuant to section 1608(a)(3). As section 1608(a)(3) requires, Plaintiffs have: (i) had the Clerk of Court dispatch; (ii) a copy of the summons, complaint, and a notice of suit; (iii) all translated into Farsi, the official language of Iran; (iv) by certified mail, which is a form of mail requiring a signed receipt, (v) to the Iranian Ministry of Foreign Affairs. Request from Plaintiffs to Clerk, ECF No. 14; Certificate of Clerk, ECF No. 16. Service under this method failed, as the certified mail package containing the service papers was returned to the Court as undeliverable on September 8, 2016, and no receipt or certification of delivery was received within 30 days of mailing. Unexecuted Returned Summons, ECF No. 18.

Accordingly, as service was not effectuated within 30 days under section 1608(a)(3), Plaintiff was permitted to serve Defendant through diplomatic channels under section 1608(a)(4). Plaintiff has complied with the dictates of that section, as they: (i) had the Clerk of the Court dispatch; (ii) two copies of the summons and complaint and a notice of suit, (iii) along with a translation into Farsi, the official language of Iran; (iii) by certified mail, which is a form of mail requiring a signed receipt, (iv) to the U.S. Department of State. Affidavit Requesting Foreign Mailing, ECF No. 20; Certificate of Clerk, ECF No. 22. In a letter to the Court dated May 4, 2017, the United States Department of State certified that diplomatic service had been

accomplished when the papers were transmitted on April 4, 2017, completing the requirements for service under section 1608(a)(4). Return of Service, ECF No. 23. On the same day, the Iranian Ministry of Foreign Affairs refused reception of the papers. *Id.*

The Court agrees that Plaintiffs have now demonstrated "strict adherence to the terms of 1608(a)." *Barot*, 785 F.3d at 27. Pursuant to §1608(c), service is perfected "in the case of service under subsection (a)(4), as of the date of transmittal indicated in the certified copy of the diplomatic note," even though the Iranian Ministry of Foreign Affairs refused reception of the papers. *See, e.g., Valore*, 700 F.2d at 70 (finding that plaintiffs properly served defendants under § 1608(a)(4) upon completing its requirements even though Iran refused service). Accordingly, the Court agrees that Plaintiff perfected service on the Defendant under section 1608(c) on April 4, 2017, the date the Department of State indicated that the papers had been transmitted in the Diplomatic Note. Return of Service, ECF No. 23.

For the foregoing reasons, on this 10th day of October, 2017, the Court GRANTS Plaintiffs' Motion, which seeks to deem service effective pursuant to section 1608(a)(4). Accordingly, Iran is deemed to have been served on April 4, 2017. 28 U.S.C. § 1608(c)(1).

Iran was required to answer or otherwise respond to the Amended Complaint by June 3, 2017. 28 U.S.C. § 1608(d) ("a foreign state shall serve an answer or other responsive pleading to the complaint within sixty days after service has been made under this section"). Having failed to do so, Plaintiffs rightfully moved for Default on June 7, 2017, and the Clerk entered Default against Iran on June 9, 2017. Default, ECF No. 25.

Accordingly, concurrent with the filing of this Memorandum Opinion and Order, the Court shall issue a Scheduling Order governing further proceedings in this matter in a default setting.

**SO ORDERED.**

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge