IN THE UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

---------------------------------------------------x
ESTATE OF YONADAV HIRSHFELD,  :
   et al.,  :
                Plaintiffs,  :
      -against-  :   Case No. 15-1082 (CKK)
ISLAMIC REPUBLIC OF IRAN,  :
   Defendant.  :
---------------------------------------------------x

## PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT

Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, Plaintiffs[1] hereby move for entry of default judgment against Defendant Islamic Republic of Iran.

Defendant was properly served with this action pursuant to 28 USC 1608(a)(4) of the Foreign Sovereign Immunities Act and has failed to appear. On June 9, 2017, the Clerk of the Court entered a default. Docket #25. On October 10, 2017, this Court held that service was proper and effectively accomplished. Docket # 27.

---

[1] Plaintiffs herein are the mother and father of Yonadav Hirshfeld, his twelve siblings, and the Administrator of his Estate. They are: the Estate of Yonadav Hirshfeld; Elisheva Hirshfeld in her own right; Zemach Hirshfeld in his own right; Elisheva Hirshfeld on behalf of minor EH; Elisheva Hirshfeld on behalf of minor SH; David Yinon Hirshfeld; Nehemia Hirshfeld; Amiel Hirshfeld; Shalom Hirshfeld; Aviya Freedman; Hana Hamital Novik; Yedidya Hirshfeld; Zimrat Zuckerman; Hana Shandorfy; and Elyashiv Schmuel Hirshfeld.
    All individual plaintiffs are United States citizens, as shown by Exhibits attached to their Declarations. The decedent Yonadav Hirshfeld was himself a United States citizen. Declaration of Elisheva Hirshfeld (Exhibit 1) and Exhibit C thereto. The Estate was established in and is governed by the law of New York State. Exhibit 6.

In support of this Motion, and pursuant to 28 U.S.C. Section 1608(e), Plaintiffs submit Proposed Findings of Fact and Conclusions of Law, supported by sworn Declarations documenting all facts necessary to support entry of judgment herein.  This Court has held that such sworn declarations are sufficient to satisfy the requirement of the Foreign Sovereign Immunities Act, 28 U.S.C. Section 1608(e), that a claimant must "establish[] his claim or right to relief by evidence satisfactory to the court."  E.g., *Bluth v. Islamic Republic of Iran*, 203 F. Supp. 3d 1, 17 (D.D.C. 2016), citing *Reed  v. Islamic Republic of Iran*, 845 F. Supp. 2d 204, 211 (D.D.C. 2012) and *Weinstein v. Islamic Republic of Iran* 184 F. Supp. 2d 13 at 19 (D.D.C. 2002).  The United States Court of Appeals for the DC Circuit recently held that section 1608(e) "does not require the court to demand more or different evidence than it would ordinarily receive; indeed, the quantum and quality of evidence that might satisfy a court can be less than that normally required."  *Owens v. Republic of Sudan*, 864 F.3d 751, 785 (D.C. Cir. 2017).

Here, the uncontradicted evidence submitted includes sworn Declarations by all individual plaintiffs and Declarations by two eye-witnesses to the terrorist attack who were with Yonadav Hirshfeld when he was killed, and Declarations by two well-recognized experts, Dr. Patrick Clawson and Dr. Matthew Levitt, who conclude that Defendant Iran provided material support and resources to the terrorist group known as Hamas, and that the attacker responsible for the death of Yonadav Hirshfeld was a member of, and acting on behalf of Hamas, which has claimed "credit" for the attack.

The quantum of damages to a family for the extrajudicial killing and the loss of a young man just entering his prime, who is a well-loved member of a large and close family, can be derived from many similar cases assessing damages against Iran for supporting and initiating terrorist attacks in similar circumstances.  Accordingly Plaintiffs move the Court to award

compensatory damages in what has all-too-sadly become accepted to be "standard" amounts, as follows: to the Estate of Yonadav Hirshfeld, $1 million for his pain and suffering after being wounded and prior to death; to his mother, Elisheva Hirshfeld, and to his father Zemach Hirshfeld, $5 million each for solatium, pain and suffering, and intentional infliction of distress; and to each of his brothers and sisters, $2.5 million for solatium, pain and suffering, and intentional infliction of distress.

Additionally, plaintiffs move for the award of $150 million in punitive damages against Defendant Iran and in favor of all plaintiffs, jointly and severally, to punish and also to deter similar acts in the future.

Respectfully submitted,

/s/  Paul G Gaston
Paul G. Gaston, DC Bar #290833
LAW OFFICES PAUL G. GASTON
1901 Pennsylvania Avenue, NW, Suite 607
Washington DC 20006
202-296-5856
paul@gastonlawoffice.com

*Attorney for Plaintiffs*